UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL FREEMAN,

       Petitioner,                          Civil No. 2:09-CV-10518
                                             Honorable Patrick J. Duggan

v.

BLAINE LAFLER,

       Respondent,

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

On February 12, 2009, Petitioner Michael Freeman ("Petitioner"), then in the custody of the Michigan Department of Corrections, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner is challenging his 1996 juvenile court adjudication out of the Circuit Court for Alpena County, Michigan, for second-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b; his conviction in the Circuit Court for Antrim County, Michigan, in 2000, for second-degree criminal sexual conduct in violation of Michigan Compiled Laws § 750.520b; and the Michigan Parole Board's prior refusal to release him on parole for the Antrim County conviction.[1]  For the reasons stated below, Petitioner's application for a writ of habeas corpus is denied.

_____

[1]As set forth *infra*, the Parole Board released Petitioner on parole after he filed the pending petition and he was discharged from parole on November 21, 2011.

I.     **Background**

In 1996, Petitioner was adjudicated as a juvenile delinquent following his plea of guilty in the Alpena County Circuit Court for the offense of second-degree criminal sexual conduct.  On November 4, 1997, Petitioner was placed on probation for this offense and was made a ward of the court.  Petitioner was discharged from this case on February 4, 1999.

Thereafter, on November 16, 2000, Petitioner pleaded guilty to second-degree criminal sexual conduct in the Antrim County Circuit Court.  The trial court sentenced Petitioner to five to fifteen years in prison on December 11, 2000.

The Michigan Parole Board denied Petitioner parole several times following his Antrim County conviction.  However, on May 21, 2009, the parole board released Petitioner on parole.  According to the Michigan Department of Corrections' Offender Tracking Information System (OTIS), Petitioner was discharged from parole on November 21, 2011.[2]

Petitioner never filed a direct appeal from his Antrim County conviction, nor did he seek the appointment of appellate counsel.  Petitioner did file a motion for transcripts at public expense in the Alpena County Circuit Court, which the court denied on December 27, 2007.  *People v. Freeman,* No. 96-004310-DL (Alpena County Circuit Court, December 27, 2007) (unpublished opinion).  Petitioner's appeal of this decision to

---

[2]This Court is permitted to take judicial notice of the information contained on OTIS.  *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004).

the Michigan Court of Appeals was dismissed for lack of jurisdiction, on the ground that an order denying a motion to have transcripts prepared at public expense is not a final order under Michigan Court Rule 7.202(6)(b). *People v. Freeman*, No. 283350 (Mich. Ct. App. May 8, 2008) (unpublished opinion). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, in which he challenged his Alpena County juvenile conviction. On September 9, 2008, the Michigan Supreme Court denied petitioner leave to appeal. *People v. Freeman,* 482 Mich. 976, 754 N.W.2d 884 (2008).

On February 12, 2009, Petitioner filed the pending petition for writ of habeas corpus. In his application, Petitioner asserts the following grounds in support of his request for habeas relief:

I.     Petitioner has a right to file a habeas corpus action as he has a liberty interest at the bare minimum to fair and untainted parole hearings. Petitioner should be granted an excuse of the exhaustion doctrine.

II.    Petitioner does have a liberty interest in gaining an early release on parole.

III.   There is a clear abuse of discretion and power within the Michigan Parole Board which greatly affects [P]etitioner's liberty.

IV.    The Michigan Court of Appeals erred in dismissing [P]etitioner's appeal for lack of jurisdiction.

V.     The circuit court erred in denying [P]etitioner his transcripts so he can appeal post-conviction relief pursuant to M.C.R. 6.500 et seq.

VI.    Since there was no affidavit showing probable cause to issue the arrest warrant against [P]etitioner, though one was required to issue the warrant, [P]etitioner's U.S. Constitution Amend. IV and Mich. Const. 1963, Art. § 11 civil rights against unreasonable search and seizure, and [P]etitioner's U.S. Const. Amend. XIV civil right to equal protection of

the law was violated when [P]etitioner was arrested.

VII.   Where the magistrate used a felony complaint that is conclusory to find probable cause to issue the arrest warrant against [P]etitioner, though barred from doing so, [P]etitioner's U.S. Const. Amend. IV and Mich. Const. 1963 Art. 1 § 11 civil rights against unreasonable search and seizure, and [P]etitioner's U.S. Const. Amend. XIV civil right to equal protection of the law was violated when [P]etitioner was arrested.

VIII.   When the magistrate used sworn, yet unrecorded, oral testimony to find probable cause to issue the arrest warrant against unreasonable search and seizure, [P]etitioner's U.S. Const. Amend. XIV civil right to equal protection of the law was violated when [P]etitioner was arrested.

IX.   When the magistrate used additional facts to find probable cause to issue the arrest warrant against [P]etitioner that were not incorporated into an affidavit, presented under oath, or recorded, though barred from doing so, [P]etitioner's U.S. Const. Amend. IV and Mich. Const. 1963 Art. 1 § 11 civil rights against unreasonable search and seizure, and [P]etitioner's U.S. Const. Amend. XIV civil right to equal protection of the law was violated when [P]etitioner was arrested.

X.   The Court of Appeals erred in not appointing counsel, and relief required in *Halbert v. Michigan*.

XI.   Petitioner was denied due process and his sentence is therefore invalid where his sentence was based on materially inaccurate information prejudicial to [P]etitioner and [P]etitioner's counsel failed to object.

Respondent filed an answer to the petition on December 7, 2009.

Subsequent to the filing of his petition, Petitioner filed a post-conviction motion for relief from judgment in the Antrim County Circuit Court on July 30, 2009, which the trial court denied on October 8, 2009. *People v. Freeman,* 00-3422 (Antrim County Circuit Court, October 8, 2009) (unpublished opinion). Petitioner did not appeal this decision.

4

## II.    Petitioner's 1996 Alpena County Juvenile Conviction

Several of Petitioner's claims challenge his 1996 juvenile conviction for second-degree criminal sexual conduct in Alpena County.  Respondent argues that Petitioner is not entitled to habeas relief from this conviction because he was no longer "in custody" with respect to this conviction when he filed his present petition.  Because Petitioner was discharged from this conviction in 1999, this Court agrees.

28 U.S.C. §§ 2241(c)(3) and 2254(a) require that a habeas petitioner be "in custody" under the conviction or sentence under attack at the time that a habeas petition is filed in the federal court.  *Maleng v. Cook*, 490 U.S. 488, 490-91, 109 S. Ct. 1923, 1925 (1989).  A habeas petitioner is no longer "in custody" for purposes of a conviction once the sentence  imposed on that conviction has fully expired, even if that conviction is being used to enhance a subsequent sentence. *Id.* at 492-93, 109 S. Ct. at 1926; *see also Lackawanna Cnty. Dist. Attorney v. Coss,* 532 U.S. 394, 403-04, 121 S. Ct. 1567, 1574 (2001).

In *Lackawanna*, the Supreme Court recognized an exception to this general rule for challenges to an enhanced sentenced based on a prior conviction where there was a failure to appoint counsel for the petitioner in violation of the Sixth Amendment.  *See id.* at 404, 121 S. Ct. at 1574.  The Supreme Court noted that the "'failure to appoint counsel for an indigent [is] a unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,' which therefore warrants special treatment among alleged constitutional violations."  *Id.* (quoting *Custis v. United States*, 511 U.S. 485, 496, 114 S.

5

Ct. 1732 (1994)).  This exception, however, does not apply in the present case.[3]

Petitioner does not allege that the Alpena County Circuit Court failed to appoint counsel to represent him in his juvenile case.  Although Petitioner claims that his trial counsel was ineffective, this is not akin to the trial court's failure to appoint counsel to represent him.  *See Daniels v. United States*, 532 U.S. 374, 121 S. Ct. 1578 (2001); *see also Tatarinov v. Superior Court of California*, No. 07cv2033, 2008 WL 7985604, at *6-7, (S.D. Cal. July 10, 2008).  Therefore, because Petitioner was not "in custody" with respect to his Alpena County conviction when he filed his application for federal habeas corpus relief, relief from this conviction under § 2254 is unavailable.[4]

## III.    Petitioner's 2000 Antrim County Conviction

Petitioner also challenges his conviction for second-degree criminal sexual conduct in the Antrim County Circuit Court in 2000.  Respondent argues in his answer to

---

[3]In *Lackawanna*, three justices recognized that there may be two additional exceptions to the general rule: (1) where a state court, without justification, refuses to rule on a constitutional claim that has been properly presented; and (2) where a defendant subsequently obtains "compelling evidence that he is actually innocent."  532 U.S. at 405-06, 121 S. Ct. at 1575.  Petitioner, however, has not shown that the state courts refused to rule on constitutional claims that he properly presented for review; nor has Petitioner presented this Court with compelling evidence that he is actually innocent of the 1996 second-degree criminal sexual conduct charge out of Alpena County.

[4]To the extent Petitioner claims that the Alpena County Circuit Court erred in denying his motion for transcripts at public expense to help him prepare a post-conviction motion, he would not be entitled to habeas relief.  A criminal defendant has no federal constitutional right to a transcript to prepare a post-conviction proceeding. *Rickard v. Burton,* 2 F. App'x 469, 470 (6th Cir. 2001) (citing *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992); *United States v. MacCollom*, 426 U.S. 317, 325-26, 96 S. Ct. 2086 (1976)).

the petition that Petitioner's challenges to this conviction are time-barred pursuant to the applicable statute of limitations.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d). The limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Petitioner does not assert any impediment to the filing of his application for habeas relief, nor do the grounds asserted in support of his petition rest on a right recently recognized and made retroactively applicable to cases on collateral review or a newly discovered fact.[5] Thus his petition is timely only if it was filed within

---

[5]Petitioner does assert claims regarding the denial of appellate counsel based on the Supreme Court's decision in 2005 in *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582. In *Halbert*, the Court held that the Due Process and Equal Protection Clauses of the Fourteenth Amendment require the appointment of counsel for defendants who have pleaded guilty or *nolo contendere* and who seek access to first-tier review of their

one year of the date on which the judgment became final.

Petitioner was sentenced in the Antrim County Circuit Court on December 11, 2000. He never filed a direct appeal from his conviction. As set forth above, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever comes later. 28 U.S.C. § 2244(d)(1)(A); *Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002).

Pursuant to Michigan Court Rule 7.205(F)(3), Petitioner had twelve months from the judgment of his conviction and sentence to file a delayed application for leave to appeal in the Michigan Court of Appeals. Because Petitioner never filed a direct appeal from the judgment entered December 11, 2000, the judgment became final for purposes of § 2244(d)(1)(A) one year later, or on December 11, 2001. *See Jagodka v. Lafler,* 148 F. App'x 345, 346 (6th Cir. 2005) (citing 28 U.S.C. § 2244(d)(1)(A) and M.C.R. 7.205(F)(3)). The AEDPA's statute of limitations therefore expired one year later, on December 11, 2002. As Petitioner did not file the instant petition until February 2009,

---

conviction in the Michigan Court of Appeals, even when such appeals are discretionary rather than as of right. 545 U.S. at 609-10, 125 S. Ct. at 2586. However, pursuant to the AEDPA's statute of limitations, Petitioner had one year from the Court's decision to seek habeas relief based on its holding. *See* 28 U.S.C. § 2244(d)(1)(C). He did not file his habeas petition until 2009. Moreover, the Sixth Circuit has held that the Supreme Court's decision in *Halbert* does not apply retroactively to cases on collateral habeas corpus review. *Simmons v. Kapture*, 516 F.3d 450, 451 (6th Cir. 2008). As set forth above, Petitioner's Antrim County conviction became final on December 11, 2001, and his Alpena County conviction became final well before that date. Therefore, any challenge to those convictions based on *Halbert* would be made on collateral review.

any challenge to his Antrim County Circuit Court conviction is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, – U.S. – , 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). A habeas petitioner bears the burden of establishing that he is entitled to equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003).

Petitioner is not entitled to equitable tolling because he fails to present circumstances warranting equitable relief. *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The Sixth Circuit also has held that the AEDPA's statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298, 115 S. Ct. 851 (1995)*. See Souter v. Jones*, 395 F.3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup*, 513 U.S. at 327, 115 S. Ct. at 867). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence– whether it be exculpatory scientific evidence, trustworthy eyewitness accounts,

9

or critical physical evidence– that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865; *Souter*, 395 F.3d at 590. "[A]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998).  In *Souter*, the Sixth Circuit recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'"  395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321, 115 S. Ct. at 864).

Petitioner presents no new, reliable evidence to establish that he was actually innocent of the crime charged.  Thus he is not entitled to equitable tolling pursuant to the actual innocence exception.  Petitioner's habeas challenge to his conviction in the Antrim County Circuit Court in 2000 therefore is barred by the one year limitations period found in 28 U.S.C. § 2244(d).

## IV.   **Petitioner's Parole Denial Claims**

Several of Petitioner's grounds in support of his request for habeas relief relate to the Michigan Parole Board's prior denial of his parole.  Respondent argues in his answer that Petitioner's claims have been mooted by his release on parole.

The United States Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  U.S. Const. Art. III, § 2.  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir.1983) (additional

quotation marks and citation omitted)). "'The parties must continue to have a personal stake in the outcome of the lawsuit.'" *Id.* (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253 (1990)). A case becomes moot and is beyond the jurisdiction of the courts if "events occur during the pendency of [the] litigation which render the court unable to grant the requested relief." *Id.* (quoting *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir.2002)).

Petitioner's release on parole renders his parole claims moot, because there is no longer a case or controversy to litigate with respect to these claims. *See Townsend v. Vasbinder,* 365 F. App'x 657, 660 (6th Cir. 2010).

## V.    Conclusion

For the reasons set forth above, the Court denies Petitioner's request for habeas relief pursuant to 28 U.S.C. § 2254. When he filed this federal habeas corpus petition, Petitioner was not "in custody" with respect to his conviction out of the Alpena County Circuit Court, as required under 28 U.S.C. §§ 2241 and 2254. Petitioner's challenges to his conviction in the Antrim County Circuit Court in 2000 are barred by the AEDPA's one year statute of limitations, 28 U.S.C. § 2244(d). Finally, Petitioner's challenges to the Michigan Parole Board's denial of parole are moot as a result of Petitioner's subsequent release on parole.

When a district court enters a final order adverse to a habeas petitioner, the court must determine whether the petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases; *see also* Fed. R. App. P. 22(b) ("If an appeal

11

is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.") A district court must make the initial determination of appealability. *Kincade v. Sparkman*, 117 F.3d 949, 953 (6th Cir. 1997).

28 U.S.C. § 2253 states, in pertinent part: "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has interpreted § 2253(c)(2) to mean that when a district court denies a habeas petition on the merits of the claims presented, a certificate may issue only if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000). When a district court denies habeas relief on procedural grounds without reaching the petitioner's constitutional claims, the *Slack* Court held that a certificate may issue only if the petitioner shows that jurists of reason would find it debatable whether (1) the petition states a valid claim of a denial of a constitutional right *and* (2) the district court was correct in its procedural ruling. *Id.*

This Court concludes that jurists of reason would not find the correctness of its procedural rulings with respect to Petitioner's claims debatable. The Court therefore denies Petitioner a certificate of appealability. The Court also believes that any appeal of its decision would be frivolous. The Court therefore is also denying Petitioner leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in

12

forma pauperis if the trial court certifies in writing that it is not taken in good faith.")

Accordingly,

**IT IS ORDERED**, that the Petitioner's application for the writ of habeas corpus

pursuant to 28 U.S.C. § 2254 is **DENIED**;

**IT IS FURTHER ORDERED**, that Petitioner is denied a certificate of

appealability and leave to appeal *in forma pauperis.*

Dated: January 6, 2012

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
Michael Freeman
530 Dashaway Road
Chuckey, TN   37641

AAG Raina I. Korbakis